This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38098**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**IAN COLE SILVERFOX,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant, Ian Cole Silverfox, was convicted of battery on a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971). Defendant raises two arguments on appeal: (1) the evidence was insufficient to support his conviction; and (2) the district court committed fundamental error based on alleged deficiencies in the jury instructions. We affirm.

**{2}** Because this is a memorandum opinion, and the parties are familiar with the factual and procedural background of this case, we discuss the facts only as necessary to our analysis of the issues raised.

**DISCUSSION**

**A.  Sufficiency of the Evidence**

**{3}** Defendant first challenges the sufficiency of the evidence to support his conviction for battery on a peace officer. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{4}** Battery on a peace officer is defined as "the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." Section 30-22-24(A). Our Supreme Court has recognized, however, that not every act of battery will be sufficient to support a conviction under this statute. *See State v. Padilla*, 1997-NMSC-022, ¶¶ 5-6, 123 N.M. 216, 937 P.2d 492 ("It is absurd to think the [L]egislature intended to make felonious mere affronts to [the officer's] personal dignity."). Rather, the State must prove that the act comprising the battery resulted in actual injury to the officer, represented an actual threat to the officer's safety, or presented a "meaningful challenge" to the officer's authority. *See State v. Jones*, 2000-NMCA-047, ¶¶ 6, 9, 129 N.M. 165, 3 P.3d 142; *see also Padilla*, 1997-NMSC-022, ¶ 2 (holding that Section 30-22-24(A) "includes as unlawful only those acts that physically injure officers, that actually harm officers by jeopardizing their safety, or that meaningfully challenge their authority").

**{5}** The State's theory at trial was that Defendant's act of striking the officer constituted a meaningful challenge to his authority. Relative to this, the State presented evidence that Officer Swessel responded to a call from Defendant's sister who wanted Defendant removed from her home because of his extreme state of intoxication. Officer Swessel tried to get Defendant to leave, but he refused and told Officer Swessel to leave. When Officer Swessel persisted, Defendant asked, "Are you APD?" Officer Swessel replied that he was, to which Defendant said, "Aw, man. Eff APD," while rising to his feet. Defendant then advanced on Officer Swessel and punched him, landing the blow in his chest and shoulder area. Officer Swessel retreated and tried to deflect further punches as Defendant continued to advance on him. During this time, Officer Chavez entered the residence and tased Defendant in the back. Defendant then turned

and walked towards Officer Chavez. Officer Chavez tased Defendant a second time and Defendant fell to the ground.

**{6}** Defendant argues that his act of striking Officer Swessel was not "sufficiently egregious" to constitute a meaningful challenge to his authority. In so doing, Defendant argues that this Court should define "meaningful challenge to authority" to require evidence that the charged conduct actually interfered with the officer's ability to carry out his or her duties. We decline to do so. This Court has intentionally refused to "define the legal boundaries of a 'meaningful challenge' to authority." *Jones*, 2000-NMCA-047, ¶ 14. Instead, we have explained that determining whether an act is a "meaningful challenge to authority" requires "knowledge of the context in which the battery arose," and that "this question is best left to juries to decide using their collective common sense and wisdom as a guide." *Id.*; *see also State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851 ("We specifically decline[] to define what types of behavior will be sufficient to constitute a meaningful challenge to authority and what will not. Instead, we stress[] that whether or not a defendant's conduct constitute[s] a meaningful challenge [will] depend on the context in which the battery occurred. (citation omitted)).

**{7}** Because we reject Defendant's proposed definition, we are then left to consider whether a rational jury could have found that Defendant meaningfully challenged Officer Swessel's authority when he punched him. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. As noted, this analysis requires a consideration of the factual setting in which the battery occurred. *See State v. Cooper*, 2000-NMCA-041, ¶ 11, 129 N.M. 172, 3 P.3d 149 (stating that battery on a peace officer is not judged in a vacuum, rather "[i]t must be viewed in light of the factual setting to determine whether an actual threat to safety or a meaningful challenge to authority occurred"). Here, there was evidence that Officer Swessel was lawfully in the home seeking to remove Defendant at the request of the homeowner. Defendant refused to leave and then punched Officer Swessel, hitting him in the chest and the shoulder. Defendant then continued to advance on Officer Swessel and attempt to punch him while ignoring the officers' commands to get on the ground. We conclude that a rational jury could determine that Defendant's act of striking Officer Swessel, when viewed in the context of the entirety of the surrounding circumstances, created a meaningful challenge to his authority. *See Jones*, 2000-NMCA-047, ¶ 14 (stating that whether conduct constituted a meaningful challenge depends on the context of the battery); *see also Martinez*, 2002-NMCA-036, ¶ 38 ("[I]t is up to the jury to decide whether the act of spitting also constituted a meaningful challenge to authority.").

## B.      Jury Instructions

**{8}** Defendant next argues that "[t]he jury should have been instructed that a meaningful challenge to authority required more than [a] mere affront to the officer's personal dignity." Defendant did not preserve any challenge to the jury instructions, and therefore, this issue is reviewed only for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (explaining that if jury instruction error was not preserved, "we review for fundamental error"). To evaluate fundamental error,

we first consider whether error occurred. *See State v. Ocon*, 2021-NMCA-032, ¶ 7, 493 P.3d 448. "For fundamental error to exist, the instruction given must differ materially from the uniform jury instruction, omit essential elements, or be so confusing and incomprehensible that a court cannot be certain that the jury found the essential elements under the facts of the case." *State v. Caldwell*, 2008-NMCA-049, ¶ 24, 143 N.M. 792, 182 P.3d 775 (internal quotation marks and citations omitted). "Jury instructions cause confusion or misdirection when, through omission or misstatement, they do not provide an accurate rendition of the essential elements of a crime." *Ocon*, 2021-NMCA-032, ¶ 7 (internal quotation marks and citation omitted).

{9}     Defendant argues that fundamental error occurred because "the absence of *any* explanatory instruction related to the limits of a 'meaningful challenge to authority' was akin to a missing element." We disagree. We have recognized that when a defendant in a battery upon a peace officer case disputes the element of unlawfulness, the district court must grant a defendant's request to further instruct that the charged conduct "r[o]se to the level of an actual injury, actual threat to safety, or meaningful challenge to authority." *Jones*, 2000-NMCA-047, ¶ 6 (internal quotation marks and citation omitted). Our Supreme Court has adopted a uniform jury instruction for battery on a peace officer, UJI 14-2211 NMRA, which was given in this case and, in relevant part, instructed the jury that Defendant's conduct must have "caused a meaningful challenge to the authority of [Officer] Swessel." Although Defendant argues that more is required, we presume uniform jury instructions are "correct statements of law." *State v. Wilson*, 1994-NMSC-009, ¶ 5, 116 N.M. 793, 867 P.2d 1175. As previously explained, this Court has expressly left the meaning of the term "meaningful challenge to authority" to the jury's "collective common sense." *Jones*, 2000-NMCA-047, ¶ 14.

{10}    In the present case, the jury instructions included the essential elements of battery upon a peace officer and the parameters of a "meaningful challenge to authority" were properly left for the jury to decide. *See id.* ¶¶ 12, 14; *see also Martinez*, 2002-NMCA-036, ¶ 38. Because the jury instructions provided an "accurate rendition of the essential elements" for battery upon a peace officer, our fundamental error inquiry ends at this first step. *Ocon*, 2021-NMCA-032, ¶ 7 (internal quotation marks and citation omitted).

**CONCLUSION**

{11}    For the foregoing reasons, we affirm Defendant's conviction for battery on a peace officer.

{12}    **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**